## Case No. 14,108.

### Ex parte TOUCHMAN.

[1 Hughes, 601.] [1]

District Court, E. D. Virginia.  Feb. 4, 1875.

CONSTITUTIONAL LAW — STATE LAW UNCONSTITUTIONAL IN PART—ARREST—HABEAS CORPUS.

1. Where a prisoner, who is a non-resident of a state, is under arrest for an act which would subject a resident to prosecution, committed in violation of a law which in some of its provisions in regard to nonresidents is in violation of the constitution of the United States, he is not entitled to be released by a judge of a federal court on habeas corpus.

2. A law may be unconstitutional in some of its provisions and not in others, and in its effect upon some classes of citizens and not upon others; and may be treated as to those provisions and classes as pro tanto unconstitutional, while enforced as to other of its provisions and its effect upon other classes of citizens.

On habeas corpus.  In the matter of H. P. Touchman, on habeas corpus, to the sergeant of the city of Richmond, brings the body of the prisoner into court and makes return that the prisoner is held in his custody as jailer, etc., under an indictment found by the grand jury of the hustings court, charging him with unlawfully selling and offering to sell goods, wares, and merchandise by card, sample, and other representation, without a license, according to law, so to do; and that he is detained for no other cause.  The prisoner in his petition complains that he is unlawfully detained and wrongfully restrained of his liberty by arrest and imprisonment under an act of the general assembly of Virginia, approved 30th April, 1874 (section 110) [Laws Va. 1874, p. 317], entitled "An act for the assessment, levy, and collection of taxes."  He alleges that he is a citizen and resident of the state of Pennsylvania, doing business as a merchant in the city of Philadelphia, and is entitled as such to the enjoyment of all the privileges and immunities in the state of Virginia which belong to the citizens thereof; and he complains that the aforesaid act of assembly contravenes the second section of the fourth article of the constitution of the United States in this, that it imposes a tax on citizens of the Union not residing in Virginia greater than it imposes on resident citizens of Virginia.  The judge remanded the prisoner to the custody of the sergeant of Richmond.

E. Y. Cannon, for this prisoner, and George D. Wise, for others in like circumstances.

E. C. Cabell, for the Commonwealth of Virginia, and Alfred Morton, for certain resident merchants.

HUGHES, District Judge.  The prisoner in custody is charged with violating the 110th section of the act of assembly approved April 30, 1874, entitled "An act for the assessment, levy, and collection of taxes."  This law requires all sample merchants to take out a license to sell by sample, and to pay a tax of $100.  No residents but licensed merchants and manufacturers can take out a sample merchant's license.  Section 111 requires resident merchants and resident manufacturers, besides any other tax they may be required to pay, in order to sell by sample to take out a license and pay a tax of $25.  It allows licensed manufacturers and merchants to exhibit samples of their wares and goods anywhere in the state.  It makes the license of a merchant good not only in the city or county where it is taken out, but also over the whole state.  It declares the license taken out by sample merchants to be a personal privilege not transferable, which can be used only by the person taking it out.  It allows resident merchants who are licensed to exhibit their wares or goods anywhere in the state by agents, but forbids them to employ as agents non-resident travellers or salesmen.  It allows a non-resident to take out a resident merchant's license.  A law may be unconstitutional in some of its provisions and not so in others.  It may be constitutional in its effect upon some classes of citizens and not so upon others.  A law may be treated as to such provisions and as to such classes as pro tanto unconstitutional, and upheld as to other provisions and classes.  If a prisoner has violated a provision of law that is constitutional, he should not escape because another provision of the same law is unconstitutional.

I am free to express the opinion that the act of the Virginia assembly under consideration is in two or three respects unconstitutional, under the ruling of the supreme court of the United States in the case of Wood v. Maryland, 12 Wall. [79 U. S.] 418.

1. If a manufacturer of another state were to exhibit samples of his wares in this, after having taken out a license to sell on sample under the 111th section of the act, which requires resident manufacturers duly licensed as such, in order to be allowed to sell by sample, to take out a "sample merchant's license," on paying $25, then, if he were arrested and imprisoned for so exhibiting his wares, it would be a question whether he might not be released on the ground that he was not allowed the same privilege as a non-resident manufacturer which was allowed the resident manufacturer.

2. So if a merchant of another state were to take out a license as a merchant here, both as a resident merchant and under section 111 paying the tax of $25, and then were to exhibit his goods by sample; in that case, if he were imprisoned for exhibiting his samples, it would be a question whether he might not be released on the ground that the same privilege was not allowed to him,

---

[1] [Reported by Hon. Robert W. Hughes, District Judge, and here reprinted by permission.]

as a non-resident citizen, that was allowed to the resident merchant.

3. So, also, if a non-resident travelling agent of a licensed resident merchant were to be arrested for exhibiting samples of the goods of his employer, he might be released on the ground that he was denied the privilege of acting as agent which was given by this law to resident travelling agents.

But this prisoner is neither a non-resident manufacturer, nor a non-resident merchant licensed here as a sample merchant, nor a non-resident agent of a licensed resident merchant. He was not, therefore, in any way exercising a privilege as non-resident which could be exercised by a resident. He had not paid any tax or taken out any license. He had not secured the right in any of the modes prescribed by law to exhibit samples. He had acquired no right to exhibit samples by virtue of any similar right acquired by any resident, and the only privilege of which he has been deprived is that of disregarding every requirement of the law of which he complains. While, therefore, it may be that this act of the Virginia assembly of 30th April, 1874, operates unconstitutionally in several classes of cases where non-residents are liable to be prosecuted and imprisoned under it, yet it does not operate unconstitutionally in the case of this prisoner.

I have felt constrained to lean, as far as I consistently could, to the support of the law of the state, and, by a strict construction of the decision of the supreme court on this question, to apply it only as far as its very terms and language require. It declared the statute of Maryland, as to the especial provisions it had under review immediately affecting the plaintiff in error, pro tanto void. By limiting its decision to those provisions which directly affected the rights of the plaintiff, it impliedly forbade the courts of the United States to go farther and to invalidate other provisions of state laws not affecting the immediate rights of the non-resident citizen actually before the court.